(22 Misc. Rep. 358.)

### FEIST v. PRINCE et al.

#### (Supreme Court, Appellate Term. January 21, 1898.)

CONVERSION—RESALE OF GOODS BOUGHT ON CREDIT.
> Where a sale of goods on credit is absolute, and free from fraud or intent to defraud, no action for conversion will lie on behalf of the seller against one to whom the buyer immediately assigns and delivers the goods, even though the only consideration for the assignment is an existing indebtedness.

Appeal from First district court.

Action by Frederick Feist against Frederick A. Prince and others to recover for the conversion of personal property. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. D. Sewards, for appellant.
Coffin & Smith, for respondents.

BISCHOFF, J. The plaintiff sued upon an assigned claim of the firm of S. & B. Lederer, manufacturers of jewelry, for the alleged conversion by the defendants of certain articles of jewelry sold and delivered to one Horton, through whom the defendants obtained possession of such goods under the following circumstances: Horton, who was engaged in the jewelry trade and a regular customer of the Lederers, ordered the articles in suit from them about the beginning of the month of January, 1896, and on the 22d of that month the goods

were shipped from the Lederers' factory to their office in this city, for delivery to him, under an absolute sale made upon his own credit. Actual delivery to Horton took place at the latter's place of business, on the 24th day of January, but on the 23d he had executed and delivered to the defendants a bill of sale of "all and singular the stock and jewelry and merchandise contained in and belonging to" his jewelry business. Formal transfer of the business occurred on the 24th, and the jewelry in question was left by Horton in the defendants' custody, together with the other stock in trade. Horton testified, it is true, that he had stated to the defendant Mooney that these goods were not within the sale to the defendants, and were to be returned to the Lederers, but this was directly contradicted by Mooney, and the fact has been found favorably to the defendants upon the testimony of one interested witness against that of another. Horton had a direct interest in the result, represented by the purchase price of the goods, for which, should the plaintiff fail to recover, he remained indebted to the Lederers, and his testimony was not entitled to the greater credit on the score of interest, as the appellant claims. The terms of the bill of sale were broad enough to cover goods ordered in the course of the jewelry business, and of which delivery was to be expected, and Horton did not rescind his purchase from the Lederers by any overt act. On the contrary, his act of leaving the goods in the possession of the defendants, instead of returning them to the sellers, was more consistent with his confirmation of the purchase, and the justice could well draw the inference, in further support of Mooney's testimony, that no rescission of the transaction with the Lederers had taken place. Thus the defendants' possession, as against the Lederers, was lawful, and conversion was not to be predicated upon their refusal to deliver up the goods, which had come rightfully into the hands of Horton, their vendor, unless the Lederers were entitled to disaffirm the sale to Horton, and to demand the goods from his vendees. It is quite apparent that the sale of these goods to Horton by the Lederers was an absolute one, and there was no proof of any fraud in inducing that sale; nor was there direct evidence of any intent to defraud; and if, as the appellant contends, the justice might have inferred a fraudulent intent upon Horton's part from the fact that he had delivered the goods at once to another of his creditors, the inference was by no means irresistible, and the justice properly refused to draw it from the circumstances, if, after hearing and observing the witnesses, he was impressed, as we must assume that he was, with the fact that the transaction between Horton and the defendants was actually an honest one. Upon the facts which the justice has found, and which he was well authorized to find from the evidence, therefore, the Lederers had no right of demand for possession from Horton, and this action for conversion against these defendants, who succeeded to his possession, necessarily failed. While Horton's bill of sale and the transfer of his business to the defendants were made only in discharge of a prior indebtedness, and so might not suffice as evidence of title, as against a party possessing the equities of a defrauded seller of the goods, the question of consideration does not arise here, since the sale to Horton by the Lederers was not fraudulent, according to the

facts as found, and the defendants' possession was, with regard to the Lederers' rights, fully as lawful as was Horton's possession, and such possession could not be disturbed. Whether or not these articles actually passed to the defendants, under their bill of sale from Horton, is, however, a question the decision of which, in accordance with the respondents' contention, is not essential to the affirmance of the judgment rendered; for, if the original purchase by Horton was neither rescinded by him nor rescindable by the Lederers, the defendants' right to possession could be questioned, at most, by Horton only, and was not open to dispute either by the Lederers or their assignee, the appellant. Judgment affirmed, with costs. All concur.